**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 24, 2018
Decided November 13, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1951

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09-cr-30152-MJR-1 |
| HECTOR S. BARNES, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge.* |

O R D E R

On April 1, 2010, defendant-appellant Hector Barnes was convicted of two counts of distribution of heroin and sentenced to 170 months incarceration followed by a four-year term of supervised release. Barnes was released from custody on April 20, 2017, and began the term of supervised release.

On August 28, 2017, Barnes committed battery, violating his conditions of supervised release. On August 28, 2017, after drinking with a friend, Barnes went to the home of Billie Simcox, a former romantic partner. When he arrived, he met Simcox's minor grandchildren in the home. When Barnes asked the grandchildren where Simcox was, they refused to tell him. Barnes punched the 13-year-old grandson ("J.S.-1"); Barnes testified the incident began playfully but quickly escalated, bringing J.S.-1 to tears and forcing his 14-year-old sister ("J.S.-2") to intervene—Barnes responded by "choke slam[ing]" her into the television. Eventually the grandchildren were able to leave the house and call Simcox to alert her to the situation. A neighbor called the police, but before they arrived, Barnes had left.

On September 11, 2017, the Government filed a petition to revoke Barnes' supervised release, pursuant to 18 U.S.C. § 3583(e), in the district court for the Southern District of Illinois. On September 22, 2017, Barnes made an initial appearance; ultimately the issue was heard on April 20, 2018. At the revocation hearing, the court heard from: Ms. Simcox, who testified about her former romantic relationship with Barnes and his entry on her property; J.S.-1 who testified about his relationship with Barnes and Barnes' behavior on August 28, 2017; J.S.-2 who testified about the events of August 28, 2017; and Barnes who testified about his recollection of events.

The district court found Barnes did not trespass because he had permission to be in the house, but did find, by a preponderance of the evidence, that Barnes had committed two separate batteries against the grandchildren. In its finding of guilt, the district court stated that it found the grandchildren credible; because they had a credible innocence and their testimony was consistent. Conversely, the district court found Barnes not credible because his testimony was inconsistent.

The probation officer's recommended sentence identified the entire incident as a single violation of Barnes' supervised release and recommended a sentence of between 8- to 14-months reincarceration. The district court found this range to be unacceptable given that two distinct batteries had occurred and sentenced Barnes to 10-months incarceration for the battery of J.S.-1 and a consecutive 8-months for the battery of J.S.-2; a total of 18-months incarceration. The district court considered the egregiousness of an adult male battering two young children, the significant criminal history of Barnes—he has a Category 6 criminal history with 20 criminal history points—his failure to testify truthfully, and the likelihood that he would recidivate.

The district court mistakenly believed that Barnes' remaining 36-months of supervised release would resume when he completed his reincarceration and declined to impose an additional term of supervised release. However, the mistake was brought to the judge's attention and on April 25, 2018, the district court reconvened to address the issue of supervised release. The district court judge stated that he intended Barnes to serve the original term and conditions of supervised release but because they had been revoked by the prior hearing, they needed to be reimposed. The court then imposed a 36-month term of supervised release, which included many of the original terms of supervised release, and a no contact condition regarding the grandchildren.

On appeal, Barnes argues first that the district court improperly imposed the 36-month term of supervised release because the court mistakenly believed a 36-month term was mandatory, because the term was not based on 18 U.S.C. § 3553(a) factors, and because the court failed to consider supervised release in conjunction with the term of incarceration. These arguments are unpersuasive.

Because Barnes failed to raise the objections at his revocation hearing, the appropriate standard of review is plain error. *United States v. Martin*, 692 F.3d 760, 763 (7th Cir. 2012). "Accordingly, we will reverse only if we find an error that is plain, that affects the [appellant's] substantial rights, and that seriously affects the fairness, integrity or public reputation of judicial proceedings, effectuating a miscarriage of justice." *Id.* at 763–764.

Barnes' argument that the court mistakenly believed the 36-month term was mandatory is not supported by the record. During the April 20, 2018, revocation hearing, the court stated that, because it believed that Barnes would continue to serve the remainder of his supervised release following his reincarceration, it declined to impose an additional term. When it became clear that Barnes would not be completing the original balance of his supervised release, the judge reconvened the hearing and stated: "I had intended to reimpose the same terms and conditions for the balance of the term that was pending for Mr. Barnes, but after conversing with probation I realize, of course, by revoking his term of supervised release I now need to reimpose a term." The judge then imposed the 36-month sentence stating that it was the least available to Barnes and the statutory minimum under 21 U.S.C. § 841(b)(1)(C). Moreover, the district court judge explicitly considered various 18 U.S.C. § 3553 factors weighing Barnes' behavior while on supervised release and considering the new term in conjunction with the term of reincarceration.

Second, Barnes argues that the above Guidelines sentence was substantially and procedurally unreasonable because the testimony of the grandchildren was not credible, his statements were credible, and the justification for rejecting the original Guidelines range were unsound.

Looking first to the credibility issues, "[i]t is well settled law that a court of appeals does not stand in judgment of the credibility of witnesses. Rather that question is left to the sound discretion of the trier of fact." *United States v. Adamo*, 882 F.2d 1218, 1223 (7th Cir. 1989) (internal citations and quotations omitted). "[I]f two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous. The clearly erroneous standard is especially deferential of a district judge who has conducted a [] hearing, heard the conflicting testimony, observed the witnesses, and then reached a determination about whom to believe." *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001) (internal citations and quotations omitted).

Here, the district court judge conducted the hearing and heard from the grandchildren and Barnes. In his ruling he stated that he found the grandchildren's testimony to be credible because of their credible innocence and their testimony's consistency. The district court judge also stated that he found Barnes' testimony to be inconsistent because statements he made during direct examination were contradicted by statements he made later in his testimony. *See United States v. McGee*, 408 F.3d 966, 982 (7th Cir. 2005) (discussing inconsistent statements in the context of Federal Rule of Evidence 613). Because there is nothing in the record to suggest any error by the district court, we will not disturb its findings.

As for Barnes' suggestion that the district court failed to adequately justify the imposed sentence, as noted above the district court considered the egregiousness of the two separate batteries against minor children, Barnes' significant criminal history, his failure to testify truthfully, and the likelihood that he will recidivate. The above demonstrates thorough consideration of relevant factors under 18 U.S.C. §§ 3553(a) and 3583(e).

Accordingly, there is no underlying error that would permit this Court to vacate appellant's sentence.

AFFIRMED.